GORSUCH, Circuit Judge,
concurring in part and concurring in the judgment.
I join all but Section II.C of Judge Ebel’s fine opinion. That section concerns the admissibility of testimony by the plaintiffs’ expert, Sean Collinsworth. The majority upholds the district court’s decision to exclude Mr. Collinsworth’s testimony on the ground that he wasn’t an expert in the relevant field. I have my doubts. Mr. Collinsworth may not be a professional mountain bike racer, but he does have substantial experience in organizing and conducting traffic control operations for bicycle racing and similar events — and the adequacy of the defendants’ traffic control operations lie at the heart of this case.
Still, I would affirm the district court’s exclusion of Mr. Collinsworth for a different reason. The only question in this case is gross negligence — namely, whether defendants took any precautions against the accident that took place. See, e.g., Pearce v. Utah Athletic Found., 179 P.3d 760, 767 (Utah 2008) (Gross negligence is “the failure to observe even slight care; it is carelessness or recklessness to a degree that shows utter indifference to the consequences that may result.”) (emphasis added); cf. Berry v. Greater Park City Co., 171 P.3d 442, 449 (Utah 2007) (“Gross negligence requires proof of conduct substantially more distant from the appropriate standard of care than does ordinary negligence.”). Mr. Collinsworth’s proffered testimony faults the sufficiency of the defendants’ precautions, but doesn’t dispute that the defendants did exercise some degree of care, however slight, in preparing for and managing this race. His testimony, thus, might well have been relevant to a negligence claim, but it doesn’t illuminate the plaintiffs’ gross negligence claim. And a district court is not obliged to entertain evidence, expert or otherwise, irrelevant to the claims before it. See Fed. R.Evid. 402 (“Evidence which is not relevant is not admissible.”). With this minor caveat, I am pleased to join.